LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

VIDAL BALDERAS,
*on behalf of himself, FLSA Collective Plaintiffs*
*and the Class*,

|  |  |
|---|---|
| Plaintiff, | Case No.: 18-cv-11149 |
| v. | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| 8 CHELSEA CORP. | Jury Trial Demanded |
| d/b/a RIKO PERUVIAN CUISINE, | |
| JAMAICA 153 CORP. | |
| d/b/a RIKO PERUVIAN CUISINE, | |
| APU FOODS CORPORATION | |
| d/b/a RIKO PERUVIAN CUISINE, | |
| JACKSON 79 CORP. | |
| d/b/a RIKO PERUVIAN CUISINE, | |
| 44 SUNNYSIDE CORP. | |
| d/b/a RIKO EXPRESS CAFÉ, | |
| WALTER BURGOS and JESSENIA BURGOS, | |
| Defendants. | |

---

Plaintiff, VIDAL BALDERAS ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, 8 CHELSEA CORP. d/b/a RIKO PERUVIAN CUISINE, JAMAICA 153 CORP. d/b/a RIKO PERUVIAN CUISINE, APU FOODS CORPORATION

d/b/a RIKO PERUVIAN CUISINE, JACKSON 79 CORP. d/b/a RIKO PERUVIAN CUISINE, 44 SUNNYSIDE CORP. d/b/a RIKO EXPRESS CAFÉ (collectively, "Corporate Defendants"), WALTER BURGOS and JESSENIA BURGOS (collectively, "Individual Defendants," and together with Corporate Defendants, "Defendants"), and states as follows:

### INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime wage, (3) liquidated damages and (3) attorneys' fees and costs.

2.      Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime wage, (2) unpaid minimum wage, (3) liquidated damages, (4) statutory penalties and (5) attorneys' fees and costs.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

### PARTIES

5.      Plaintiff VIDAL BALDERAS is a resident of New York County, New York.

6.      Defendants own and operate a chain of five (5) restaurants under the common trade name "Riko Peruvian Cuisine" with addresses as follows:

    (a) 409 8th Avenue, New York, NY 10001 ("Riko Chelsea");
    (b) 153-37 Hillside Avenue, Jamaica, NY 11432 ("Riko Jamaica");
    (c) 45-23 Greenpoint Avenue, Sunnyside, NY 11104 ("Riko Sunnyside");
    (d) 78-14 Roosevelt Avenue, Jackson Heights, NY 11372 ("Riko Jackson Heights");

(e) 43-22 Queens Boulevard, Sunnyside, NY 11104 ("Riko Express Café")

(collectively, "Riko Restaurants").

7.      Defendants operate Riko Restaurants as a single integrated enterprise. Specifically, Riko Restaurants are engaged in related activities, share common ownership and have a common business purpose. Riko Restaurants are engaged in the same business of operating Peruvian restaurants in New York City. Riko Restaurants are commonly owned and operated by Individual Defendants. Riko Restaurants share a common trade name and logo, share a common décor and appearance, and serve similar menu items. Riko Restaurants are advertised and marketed jointly on Defendants' website (http://www.rikoperuviancuisine.com/) and the same social media account on Instagram. Defendants sell gift cards that can be used at any Riko Restaurant location. Riko Restaurants maintain centralized labor relations and human resources, and implement the same wage and hour policies and procedures established by Defendants. Supplies and employees are interchangeable among Riko Restaurants. Hiring for Riko Restaurants is centrally managed and applicants can apply for a job at any of the restaurant locations on Defendants' website.

8.      Corporate Defendant 8 CHELSEA CORP. d/b/a RIKO PERUVIAN CUISINE is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 409 8th Avenue, New York, NY 10001. Defendants operate "Riko Chelsea" through 8 CHELSEA CORP.

9.      Corporate Defendant JAMAICA 153 CORP. d/b/a RIKO PERUVIAN CUISINE is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 153-37 Hillside Avenue, Jamaica, NY 11432. Defendants operate "Riko Jamaica" through JAMAICA 153 CORP.

10.     Corporate Defendant APU FOODS CORPORATION d/b/a RIKO PERUVIAN CUISINE is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 45-23 Greenpoint Avenue, Sunnyside, NY 11104 and an address for service of process located at 3564 80th Street, Apt 3K, Jackson Heights, NY 11372. Defendants operate "Riko Sunnyside" through APU FOODS CORPORATION.

11.     Corporate Defendant JACKSON 79 CORP. d/b/a RIKO PERUVIAN CUISINE is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 78-14 Roosevelt Avenue, Jackson Heights, NY 11372. Defendants operate "Riko Jackson Heights" through JACKSON 79 CORP.

12.     Corporate Defendant 44 SUNNYSIDE CORP. d/b/a RIKO EXPRESS CAFÉ is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 43-22 Queens Boulevard, Sunnyside, NY 11104. Defendants operate "Riko Express Café" through 44 SUNNYSIDE CORP.

13.     (i) Each Individual Defendant, WALTER BURGOS and JESSENIA BURGOS, is a principal and executive officer of Corporate Defendants and has operational control of Riko Restaurants. Each Individual Defendant exercises the power to (and also delegate to managers and supervisors the power to) (i) fire and hire employees, (ii) supervise and control employee work schedules, (iii) determine the rate and method of pay, (iv) maintain employment records, and (v) otherwise affect the quality, terms and conditions of employment for Plaintiff, FLSA Collective Plaintiffs and Class Members at Riko Restaurants. Each Individual Defendant has

authority over all employee-related decisions, including payroll, personnel, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs and Class Members.

(ii) Each Individual Defendant, WALTER BURGOS and JESSENIA BURGOS, additionally exercises the authority to fire and hire, supervise and control work schedules, determine rate and method of pay, maintain employment records, and otherwise affect the terms and conditions of employment for managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs and Class Members at Riko Restaurants. Each Individual Defendant ensures that managers implement Defendants' employment policies and pay practices and directs employees to effectively complete their job duties so that Riko Restaurants are operating efficiently and profitably.

14.    At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the regulations thereunder.

15.    At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16.    Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including but not limited to cooks, line cooks, food preparers, dishwashers, porters, hosts/hostesses, servers, runners, bussers and delivery workers) employed by Defendants at Riko Restaurants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

17.    At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the lawful overtime wages for hours worked in excess of forty (40) per workweek at the proper overtime rate of one-and-one-half times the regular rate of pay.

18.    The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

19.    Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including but not limited to cooks, line cooks, food preparers, dishwashers, porters, hosts/hostesses, servers, runners, bussers and delivery workers) employed by Defendants at Riko Restaurants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class" or "Class Members").

20.    The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names

and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

21.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

22.     Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All Class Members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay them the lawful minimum wage, (ii) failing to pay them overtime wages for hours worked in excess of forty (40) per workweek at the proper overtime rate of one-and-one-half times the regular rate of pay, (iii) failing to provide proper wage statements per requirements of the New York Labor Law, and (iv) failing to provide proper wage and hour notices per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

23.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

24.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their

employment, future employment, and future efforts to secure employment. Class actions provide

class members who are not named in the Complaint a degree of anonymity, which allows for the

vindication of their rights while eliminating or reducing these risks.

26.     There are questions of law and fact common to the Class which predominate over

any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class Members properly;

c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class Members for their work;

d) Whether Defendants properly notified Plaintiff and the Class Members of their regular hourly rate and overtime rate;

e) Whether Defendants improperly paid Plaintiff and Class members on a fixed salary basis, when New York law requires that all non-exempt employees be paid on an hourly basis;

f) Whether Defendants paid Plaintiff and the Class Members the statutory minimum wage;

g) Whether Defendants paid Plaintiff and the Class Members overtime wages at a proper rate that is at least one-and-one-half times the regular rate of pay;

h) Whether Defendants provided proper wage statements to Plaintiff and the Class Members per requirements of the NYLL; and

i) Whether Defendants provided proper wage and hour notices to Plaintiff and the Class Members per requirements of the NYLL.

## STATEMENT OF FACTS

27.     From in or about March 2018 until on or about September 9, 2018, Plaintiff

VIDAL BALDERAS was employed by Defendants to work as a dishwasher at "Riko Chelsea"

located at 409 8th Avenue, New York, NY 10001.

28.     Throughout his employment with Defendants, Plaintiff VIDAL BALDERAS regularly worked forty-eight (48) hours per week: eight (8) hours per day, from 7:30 a.m. to 3:30 p.m., for six (6) days per week.

29.     Throughout his employment with Defendants, Plaintiff VIDAL BALDERAS was paid a fixed salary of $75 per work day regardless of actual hours worked. However, there was never any understanding that the fixed salary was intended to cover any overtime hours worked by Plaintiff.

30.     Throughout his employment with Defendants, Plaintiff VIDAL BALDERAS was never paid the overtime premium of one-and-one-half times his regular rate of pay for his hours worked in excess of forty (40) per week, as required under the FLSA and NYLL.

31.     Throughout his employment with Defendants, Plaintiff VIDAL BALDERAS was paid in cash and did not receive any wage statements from Defendants.

32.     Throughout his employment with Defendants, Plaintiff VIDAL BALDERAS did not receive a notice of pay rate from Defendants as required under the NYLL.

33.     Throughout his employment with Defendants, Plaintiff VIDAL BALDERAS regularly observed and spoke their co-workers about Defendants' pay practices and policies.

34.     Based on Plaintiff's direct observations and conversations with his co-workers, non-exempt employees were regularly sent to work at any of the different Riko Restaurants on an as-needed basis.

35.     Based on Plaintiff's direct observations and conversations with his co-workers, all non-exempt employees at Riko Restaurants regularly worked similar hours that exceeded forty (40) hours per week.

36.     Based on Plaintiff's direct observations and conversations with his co-workers, all non-exempt employees at Riko Restaurants similarly suffered from Defendants' common policy that failed to pay the overtime premium due under the FLSA and NYLL. Under Defendants' companywide policy, all non-exempt employees at Riko Restaurants were paid at a fixed salary basis without any understanding that the fixed salary was intended to cover the overtime hours worked. They were never paid at the proper overtime rate of one-and-one-half times their base hourly rate for their hours worked in excess of forty (40) per workweek.

37.     Based on Plaintiff's direct observations and conversations with his co-workers, all non-exempt employees at Riko Restaurants similarly suffered from Defendants' common policy that failed to pay the New York State minimum wage. At all relevant times, Defendants paid Plaintiff and other non-exempt employees at regular rates below the prevailing minimum wage in violation of the NYLL.

38.     Based on Plaintiff's direct observations and conversations with his co-workers, all non-exempt employees at Riko Restaurants similarly suffered from Defendants' common policy that failed to provide any notice of pay rate or wage statements, as required under the NYLL.

39.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and Class Members overtime wages for hours worked in excess of forty (40) per workweek at the proper overtime rate that is at least one-and-one-half times the regular rate of pay, in violation of the FLSA and NYLL.

40.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State minimum wage to Plaintiff and Class Members, in violation of the NYLL.

41.     Defendants knowingly and willfully operated their business with a policy of not providing wages statements to Plaintiff and Class Members with their wage payments, as required under the NYLL.

42.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notice to Plaintiff and Class Members, as required under the NYLL.

43.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and the Class, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

44.     Plaintiff realleges and reavers Paragraphs 1 through 43 of this Class and Collective Action Complaint as if fully set forth herein.

45.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

46.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

47.     At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

48.     At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs overtime wages for hours worked in excess of forty (40) per workweek at the proper overtime rate of one-and-one-half times the regular rate of pay, as required under the FLSA.

49.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

50.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked, including overtime hours, when Defendants knew or should have known such was due.

51.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

52.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

53.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

54.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

55.    Plaintiff realleges and reavers Paragraphs 1 through 54 of this Class and Collective Action Complaint as if fully set forth herein.

56.    At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

57.    Defendants knowingly and willfully violated Plaintiff's and Class Members' rights by failing to pay them overtime wages for hours worked in excess of forty (40) per workweek at the proper overtime rate of one-and-one-half times the regular rate of pay, as required under the New York Labor Law.

58.    Defendants knowingly and willfully violated Plaintiff's and Class Members' rights by failing to pay them the lawful minimum wage due under the New York Labor Law.

59.    Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class Members as required under the New York Labor Law.

60.    Defendants knowingly and willfully failed to provide proper wage and hour notices to Plaintiff and Class Members as required under the New York Labor Law.

61.    Due to the Defendants' New York Labor Law violations, Plaintiff and Class Members are entitled to recover from Defendants unpaid overtime wages, unpaid minimum wage, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs and Class Members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime wages due under the FLSA and NYLL;

d. An award of unpaid minimum wage due under the NYLL;

e. An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

f. An award of liquidated damages as a result of Defendants' willful failure to pay the proper overtime wages, pursuant to the FLSA;

g. An award of liquidated damages as a result of Defendants' willful failure to pay the proper overtime wages and minimum wage, pursuant to the NYLL;

h. An award of pre-judgment and post-judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees;

i. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

j. Designation of this action as a class action pursuant to F.R.C.P. 23;

k. Designation of Plaintiff as Representative of the Class; and

l. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:   November 29, 2018                Respectfully submitted,

                                By:      /s/ C.K. Lee_____
                                         C.K. Lee, Esq.

                                         LEE LITIGATION GROUP, PLLC
                                         C.K. Lee (CL 4086)
                                         Anne Seelig (AS 3976)
                                         30 East 39th Street, Second Floor
                                         New York, NY 10016
                                         Tel.: (212) 465-1188
                                         Fax: (212) 465-1181

                                         *Attorneys for Plaintiff, FLSA Collective Plaintiffs
                                         and the Class*