

# RODRIGUEZ LAW, P.C.

EMPIRE STATE BUILDING | 350 FIFTH AVENUE | SUITE 5909 | NEW YORK, NEW YORK 10118

TELEPHONE (212) 960-3305
INFO@LAWRODRIGUEZ.COM | WWW.LAWRODRIGUEZ.COM

ARGILIO RODRIGUEZ, ESQ.
ARGILIO@LAWRODRIGUEZ.COM

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/14/2019
```

March 8, 2019

**Via ECF**

Hon. Valerie E. Caproni
Thurgood Marshall
United States Courthouse
40 Foley Square, Court Room 443
New York, NY 10007

Re: *Balderas v. 8 Chelsea Corp. d/b/a Riko Peruvian Cuisine*
CA No. **18-cv-11149 (VEC)**

Your Honor,

We represent all defendants in the above referenced matter (collectively "Defendants"). We write to oppose the request made in Plaintiff's letter dated March 5th, 2019 [Dkt. No. 27] requesting that the briefing for the motion be stayed until after the parties' have engaged in mediation currently scheduled for March 26th, 2019. Moreover, Defendants write to respectfully request that briefing on the motion to compel arbitration proceed forward and that Your Honor rule on this motion prior to mediation, and if necessary, authorize the rescheduling of the proposed mediation until after this motion is decided.

In way of background, Defendants appeared in this action on February 7th, 2019. [Dkt. No. 21]. The following day on February 8th, 2019, Your Honor immediately referred this action to the Mediation Office for settlement purposes. On March 4th, 2019, Defendants filed a motion to compel arbitration. [Dkt. No. 24-26]. Defendants have tried on numerous occasions to discuss the withdrawal of this action in accordance with the Arbitration Agreement to no avail and thereby necessitating the motion to compel arbitration. In addition, it should be noted that contrary to Plaintiff's counsel's representation, Defendants have in fact made a settlement offer to resolve this matter.

As explained in Defendants' motion to compel arbitration, Plaintiff has at all times been well aware that he signed an Arbitration Agreement. Nevertheless, in direct contravention of the Arbitration Agreement, Plaintiff filed this lawsuit against Defendants. Prior to filing this motion, we advised counsel for Plaintiff of the existence of Plaintiff's Arbitration Agreement and provided a copy of the agreement, but Plaintiff has continued to refuse to withdraw the

Complaint.

Plaintiff's purported issue with the enforceability of the "arbitration fees and costs" provision of the Arbitration Agreement is nothing more than a pretext to force onto Defendants a costly defense of this action. The purpose of an Arbitration Agreement is to avoid the exact scenario Defendants find themselves in – appearing in and needing to defend this dispute in federal court, which is *the* most costly forum available.

As discussed with Plaintiff's counsel, the Arbitration Agreement provides:

> The parties shall be responsible for their own attorneys' fees and costs, except that the arbitrator shall have the authority to award attorneys' fees and costs to the prevailing party in accordance with the substantive law governing the Claims. Any controversy regarding the payment of fees and costs under this Agreement shall be decided by the arbitrator.

Courts have regularly held that such a cost splitting provision in which each party bears half of the arbitration costs is enforceable. In *Zambrano v. Strategic Delivery Solutions*, No. 15 Civ. 8410, 2016 WL 5339552 (S.D.N.Y. Sept. 22, 2016), plaintiffs brought claims against their employer for violation of the FLSA and the New York Labor Law. The plaintiffs sought to demonstrate that a cost splitting provision would require each of them to bear half of the arbitration costs, amounting to an unaffordable expense of at least $8,750 per employee. Accepting the plaintiffs' contentions as true, the court enforced the arbitration cost-sharing agreement and found the plaintiffs' showing to be overly speculative in light of the arbitrator's ability to reallocate costs, *see also Barbieri v. K-Sea Transporation*, 566 F.Supp.2d 187, 195 (E.D.N.Y. 2008) (arbitrator's ability to reallocate costs made the plaintiff's challenge too speculative to invalidate the arbitration clause).

Therefore, Defendants respectfully request that Your Honor deny Plaintiff's request to stay briefing on Defendants' motion to compel arbitration, and either rule on this motion prior to mediation or authorize the rescheduling of the mediation.

The parties thank the Court for its attention to this matter.

Very truly yours,

*/s/ Argilio Rodriguez*
Argilio Rodriguez, Esq.

---

The Court's referral to the Mediation Program is CANCELLED. Plaintiff must respond to Defendants' motion to compel arbitration no later than **March 25, 2019**. Defendants may file a reply no later than **April 1, 2019**.

SO ORDERED.

*[signature: Valerie Caproni]*

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

3/14/2019