UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

VIDAL BALDERAS,
*on behalf of himself, FLSA Collective Plaintiffs
and the Class*,
      Plaintiff,

v.

8 CHELSEA CORP.
 d/b/a RIKO PERUVIAN CUISINE,
JAMAICA 153 CORP.
 d/b/a RIKO PERUVIAN CUISINE,
APU FOODS CORPORATION
 d/b/a RIKO PERUVIAN CUISINE,
JACKSON 79 CORP.
 d/b/a RIKO PERUVIAN CUISINE,
44 SUNNYSIDE CORP.
 d/b/a RIKO EXPRESS CAFÉ,
WALTER BURGOS and JESSENIA BURGOS,

      Defendants.

Case No. 18 CV 11149 (VEC)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## DECLARATION OF VIDAL BALDERAS

I, VIDAL BALDERAS, under penalty of perjury, affirm as follows:

1. I am the Plaintiff in the above-captioned lawsuit filed in federal court against Defendants 8 Chelsea Corp., Jamaica 153 Corp., APU Foods Corporation, Jackson 79 Corp., 44 Sunnyside Corp., Walter Burgos and Jessenia Burgos (collectively, "Defendants"). The lawsuit alleges minimum wage, overtime and other wage violations under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

2. I worked for Defendants as a dishwasher from approximately March 2018 to September 2018 at Defendants' "Riko Peruvian Cuisine" restaurant located at 409 8th Avenue, New York, NY 10001.

3. Throughout my employment with Defendants, I regularly worked 8 hours per day, 6 days per week, for a total of 48 hours per week.

4. From the beginning of my employment until August 26, 2018, I was paid a fixed salary of $450 per week regardless of actual hours worked (i.e. $75 per day × 6 days worked = $450 per week). From August 27, 2018 until the end of my employment, I was paid a fixed salary of $500 per week regardless of actual hours worked.

5. At all times during my employment with Defendants, I was paid less than the 2018 New York State minimum wage of $13 per hour. Specifically, from the beginning of my employment until August 26, 2018, I was paid at a regular rate of $9.38 per hour ($450 weekly salary ÷ 48 hours worked). From August 27, 2018 until the end of my employment, I was paid at a regular rate of $10.42 per hour ($500 weekly salary ÷ 48 hours worked).

6. At all times during my employment with Defendants, I was never paid overtime wages at the overtime rate of one-and-one-half times the regular rate.

7. At all times during my employment with Defendants, Defendants did not utilize a punch clock machine or otherwise keep record of my hours worked each week.

8. At all times during my employment with Defendants, Defendants paid me in cash and did not provide me with any wage notice or wage statements with my wage payments.

9. During my employment, Defendants required me sign the document titled "Mutual Agreement to Arbitrate" as a condition to continue my job at the restaurant. However, I did not understand the contents of the document because my primary language is Spanish, and my English abilities are very limited. Although Defendants knew that my primary language is Spanish and that I speak very little English, Defendants did not provide a Spanish translation of the agreement.

10. Since the end of my employment with Defendants in September 2018, I have continued to work as a minimum-wage worker as a dishwasher at restaurants in New York City.

11. Currently, I work as a dishwasher for a restaurant. I have had my current job since February 2019, and I am paid at the New York minimum wage rate. My current net income is approximately $635 per week. This is my only source of income.

12. I am married and provide the primary financial support my family. I am solely responsible for all household expenses including rent, utilities, transportation and food for my family. In addition, I have one child who I help financially with living expenses. Generally, my weekly and monthly expenses exceed my earnings.

13. I do not have any savings or investments. I live paycheck to paycheck.

14. I have been informed by my attorneys that if I am required to arbitrate my case against Defendants, I may have to pay arbitration fees of approximately $4,000 to $6,000 for the entire arbitration process in order to obtain a decision. I cannot afford to pay these fees.

[REST OF THE PAGE LEFT INTENTIONALLY BLANK]

I affirm, under penalty of perjury, that the above and foregoing information is true and correct.

Dated: New York, New York
       3-25 , 2019

\_\_\_Vidal Balderas Palacios\_\_\_
Name:

STATE OF NEW YORK    )
                     ) SS:
COUNTY OF NEW YORK   )

SWORN AND SUBSCRIBED before me this 25th day of March, 2019.

_____
NOTARY PUBLIC, STATE OF NEW YORK
Saeyun Kwon
02KW6341055
Expires 5/2/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------

VIDAL BALDERAS,
*on behalf of himself, FLSA Collective Plaintiffs
and the Class*,
      Plaintiff,

v.

8 CHELSEA CORP.
 d/b/a RIKO PERUVIAN CUISINE,
JAMAICA 153 CORP.
 d/b/a RIKO PERUVIAN CUISINE,
APU FOODS CORPORATION
 d/b/a RIKO PERUVIAN CUISINE,
JACKSON 79 CORP.
 d/b/a RIKO PERUVIAN CUISINE,
44 SUNNYSIDE CORP.
 d/b/a RIKO EXPRESS CAFÉ,
WALTER BURGOS and JESSENIA BURGOS,

      Defendants.

**Case No.** 18 CV 11149 (VEC)

------------------------------------

## DECLARATION OF VIDAL BALDERAS

Yo, VIDAL BALDERAS, bajo pena de perjurio, afirmo lo siguiente:

1.  Soy el demandante en la demanda arriba citada presentada en la corte federal contra los Demandados 8 Chelsea Corp., Jamaica 153 Corp., APU Foods Corporation, Jackson 79 Corp., 44 Sunnyside Corp., Walter Burgos y Jessenia Burgos (colectivamente, "Demandados"). La demanda alega el salario mínimo, las horas extraordinarias y otras infracciones salariales en virtud de la Ley de normas laborales justas ("FLSA") y la Ley laboral de Nueva York ("NYLL").

2. Trabajé para los Demandados como lavaplatos desde aproximadamente marzo de 2018 hasta septiembre de 2018 en el restaurante "Riko Peruvian Cuisine" de los Demandados, ubicado en 409 8th Avenue, Nueva York, NY 10001..

3. A lo largo de mi empleo con los Demandados, trabajé regularmente 8 horas por día, 6 días por semana, por un total de 48 horas por semana.

4. Desde el inicio de mi empleo hasta el 26 de agosto de 2018, me pagaron un salario fijo de $450 por semana, independientemente de las horas reales trabajadas (es decir, $ 75 por día x 6 días trabajados = $450 por semana). Desde el 27 de agosto de 2018 hasta el final de mi empleo, recibí un salario fijo de $500 por semana, independientemente de las horas trabajadas.

5. En todo momento durante mi empleo con los Demandados, se me pagó menos del salario mínimo del Estado de Nueva York de 2018 de $13 por hora. Específicamente, desde el inicio de mi empleo hasta el 26 de agosto de 2018, me pagaron a una tarifa regular de $9.38 por hora ($450 de salario semanal ÷ 48 horas trabajadas). Desde el 27 de agosto de 2018 hasta el final de mi empleo, me pagaron a una tarifa regular de $10.42 por hora ($500 de salario semanal ÷ 48 horas trabajadas).

6. En todo momento durante mi empleo con los Demandados, nunca me pagaron salarios por horas extraordinarias a la tarifa de horas extras de tiempo y medio de la tarifa regular.

7. En todo momento durante mi empleo con los Demandados, los Demandados no utilizaron una máquina de reloj perforado o no registraron las horas trabajadas cada semana.

2

8. En todo momento durante mi empleo con los Demandados, los Demandados me pagaron en efectivo y no me proporcionaron ningún aviso salarial ni ninguna declaración salarial con mis pagos salariales.

9. Durante mi empleo, los Demandados me pidieron que firmara el documento titulado "Acuerdo Mutuo de Arbitraje" como condición para continuar mi trabajo en el restaurante. Sin embargo, no entendí el contenido del documento porque mi idioma principal es el español y mis habilidades en inglés son muy limitadas. Aunque los Demandados sabían que mi idioma principal es el español y que hablo muy poco inglés, los Demandados no proporcionaron una traducción al español del acuerdo.

10. Desde que terminé mi empleo con los Demandados en septiembre de 2018, he seguido trabajando como trabajador de salario mínimo como lavaplatos en restaurantes de la ciudad de Nueva York.

11. Actualmente, trabajo como lavaplatos para un restaurante. He tenido mi trabajo actual desde febrero de 2019 y se me paga al salario mínimo de Nueva York. Mi ingreso neto actual es de aproximadamente $635 por semana. Esta es mi única fuente de ingresos.

12. Estoy casado y proporciono el apoyo financiero principal a mi familia. Soy el único responsable de todos los gastos del hogar, incluidos el alquiler, los servicios públicos, el transporte y los alimentos para mi familia. Además, tengo un hijo a quien ayudo financieramente con los gastos de subsistencia. En general, mis gastos semanales y mensuales superan mis ganancias.

13. No tengo ahorros ni inversiones. Vivo cheque a cheque.

14.     Mis abogados me han informado que si tengo que arbitrar mi caso contra los Demandados, es posible que tenga que pagar una tarifa de arbitraje de aproximadamente $ 4,000 a $ 6,000 por todo el proceso de arbitraje para obtener una decisión. No puedo pagar estas tarifas.

[RESTO DE PAGINA INTENCIONAMENTE EN BLANCO]

Yo afirmo, bajo pena de perjurio, que la información anterior es verdadera y correcta.

Fechado: Nueva York, Nueva York
_____3-25_____, 20_19_

_____Vidal Balderas Palacios_____
Nombre:

ESTADO DE NUEVA YORK    )
                        ) SS:
CONDADO DE NUEVA YORK   )

JURADO Y SUSCRITO ante mi este __25th__ dia de __March__, 20_19_.

_____
NOTARIO PUBLICO, ESTADO DE NUEVA YORK
Saeyun Kwon
02KW6341055
Expires 5/2/2020