UNITED STATES DISTRICT COURT
<u>SOUTHERN DISTRICT OF NEW YORK</u>

| | |
|---|---|
| VIDAL BALDERAS, on behalf of himself, FLSA Collective Plaintiffs and the Class,<br><br>            Plaintiff,<br>-against-<br><br>8 CHELSEA CORP. d/b/a RIKO PERUVIAN CUISINE, JAMAICA 153 CORP. d/b/a RIKO PERUVIAN CUISINE, APU FOODS CORPORATION d/b/a RIKO PERUVIAN CUISINE, JACKSON 79 CORP. d/b/a RIKO PERUVIAN CUISINE, 44 SUNNYSIDE CORP. d/b/a RIKO PERUVIAN CUISINE, WALTER BURGOS, and JESSENIA BURGOS<br><br>            Defendants. | Case No. 18-cv-11149 (VEC) |

**<u>DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO COMPEL ARBITRATION AND STAY THE ACTION</u>**

                        Argilio Rodriguez
                        Rodriguez Law, P.C.
                        Empire State Building
                        350 Fifth Avenue, Suite 5909
                        New York, NY 10118
                        (212) 960-3305

                        *Attorneys for Defendants*

Defendants 8 Chelsea Corp. d/b/a Riko Peruvian Cuisine, Jamaica 153 Corp. d/b/a Riko Peruvian Cuisine, APU Foods Corporation d/b/a Riko Peruvian Cuisine, Jackson 79 Corp. d/b/a Riko Peruvian Cuisine, 44 Sunnyside Corp. d/b/a Riko Peruvian Cuisine, Walter Burgos and Jessenia Burgos (all defendants collectively referred to as "Defendants"), respectfully submit this memorandum of law in further support of their motion to Compel Arbitration and Stay the Action pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et. seq. ("FAA") (or alternatively, dismiss the action).

## ARGUMENT

### I. THE ARBITRATION AGREEMENT SHOULD BE ENFORCED

#### A. The Arbitration Fees and Costs Provision Provides For the Arbitrator's Ability to Reallocate Costs and is Therefore Valid

Throughout his entire opposition brief, Plaintiff references only the first half of the Arbitration Fees and Costs provision of the Arbitration Agreement, completely omitting the second half of that provision which specifically provides for the Arbitrator's ability to reallocate costs and award attorneys' fees. Indeed, the complete provision reads as follows:

> 9. Arbitration Fees and Costs. To the extent required by law, Company shall bear all reasonable and necessary costs of the arbitration forum that Employee would not otherwise be required to bear if the Claims were brought in court. In all other, circumstances, Company and Employee will each pay fifty percent (50%) of the fees and costs of the arbitration forum. The parties shall be responsible for their own attorneys' fees and costs, except that the arbitrator shall have the authority to award attorneys' fees and costs to the prevailing party in accordance with the substantive law governing the Claims. Any controversy regarding the payment of fees and costs under this Agreement shall be decided by the arbitrator.

Plaintiff has moreover misrepresented Defendants' position to the Court regarding the Arbitration Fees and Costs provision, once again completely omitting the conversation between the parties on the arbitrator's ability to reallocate costs and award attorneys' fees. Plaintiff's argument that "the Arbitration Agreement is unenforceable because the agreement, as interpreted

2

by Defendants, requires Plaintiff to pay half of all arbitration fees and costs, which will most likely amount to several thousand dollars" disingenuously characterizes Defendants' position regarding Arbitration Fees and Costs provision (Pl. Brief at 1). Plaintiff contends that "when asked for confirmation that Plaintiff would bear only the $400 of JAMS' initial case management fee to proceed with arbitration, Defendants continued to insist that all arbitrator and administrative fees arising from the arbitration would be split between the parties 50-50." (Pl. Brief at 1-2). Plaintiff intentionally omits Defendants' response in an attempt to mislead this Court. As explained in an email dated January 10th, 2019 (Decl. of A. Rodriguez, Exhibit A), Plaintiff continued to maintain a blind eye to the second half of the Arbitration Fees and Costs provision, which reads:

> The parties shall be responsible for their own attorneys' fees and costs, except that the arbitrator shall have the authority to award attorneys' fees and costs to the prevailing party in accordance with the substantive law governing the Claims. Any controversy regarding the payment of fees and costs under this Agreement shall be decided by the arbitrator.

As Defendants explained then and will explain now, the arbitrator's ability to reallocate costs makes this provision and agreement enforceable. In *Zambrano v. Strategic Delivery Solutions*, No. 15 Civ. 8410, 2016 WL 5339552 (S.D.N.Y. Sept. 22, 2016), plaintiffs brought claims against their employer for violation of the FLSA and the New York Labor Law. The plaintiffs sought to demonstrate that a cost splitting provision would require each of them to bear half of the arbitration costs, amounting to an unaffordable expense of at least $8,750 per employee. Even accepting the plaintiffs' contentions as true, the court enforced the arbitration cost-sharing agreement and found the plaintiffs' showing to be overly speculative in light of the arbitrator's ability to reallocate costs, *see also Barbieri v. K-Sea Transportation*, 566 F.Supp.2d 187, 195

(E.D.N.Y. 2008) (arbitrator's ability to reallocate costs made the plaintiff's challenge too speculative to invalidate the arbitration clause).

Plaintiff's reference to several cases at the end of its opposition brief holding various arbitration fees as cost prohibitive are inapposite as either (1) the cost provisions in those cases did not provide for the arbitrator's ability to reallocate costs and/or (2) the cited cases were not within the Second Circuit (*Nesbitt v. FCNH, Inc.* in the 10th Circuit and *Morrison v Circuit City Stores, Inc.* in the 6th Circuit).

Finally, Plaintiff's reference that the arbitration agreement should not be enforceable because Plaintiff Mr. Balderas does not read English is also meritless. It is well settled that a language barrier does not prevent enforcement of contract obligations. *Rodriguez-Depena v. Parts Authority, Inc.*, 877 F. 3d 122, 124 (2d Cir. 2017) (citing *Myskina v. Conde Nast Publications, Inc.*, 386 F. Supp. 2d 409, 415 (S.D.N.Y. 2005).

## CONCLUSION

For the foregoing reasons, this Court should: (1) compel Plaintiff to arbitrate his claims against Defendants, and do so on an individual basis; (2) dismiss the action, or at least stay these proceedings until conclusion of the arbitration; and (3) award Defendants fees and costs incurred in making this motion.

Dated:  New York, New York
         April 11, 2019

*/s/ Argilio Rodriguez*
By: Argilio Rodriguez, Esq.
Rodriguez Law, P.C.
Empire State Building
350 Fifth Avenue, Suite 5909
New York, NY 10118
(212) 960-3305
argilio@lawrodriguez.com

*Attorney for Defendants*